In re R. & W. SKIRT CO. et al.

(Circuit Court of Appeals, Second Circuit. March 9, 1915.)

No. 193.

BANKRUPTCY ⊛288—COLLECTION OF ASSETS—SUMMARY PROCEEDINGS.

Where one of the members of a bankrupt partnership, about an hour after the filing of the petition in bankruptcy, paid a debt due from the partnership for money loaned with money belonging to the estate, the money so paid was recoverable in a summary proceeding, and a plenary suit was unnecessary, as, the debt and the payment out of the bankrupt's property after the filing of the petition being admitted, the question was purely one of law, and there was no question for determination by a jury.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 447; Dec. Dig. ⊛288.]

Petition to Revise Order of the District Court of the United States for the Southern District of New York.

This matter comes here upon a petition to revise an order of the District Court for the Southern District of New York confirming the report of the referee in bankruptcy which denied the petition of the trustee praying that Freida Silberstein turn over to him the sum of $600 paid to her by one of the bankrupts after the filing of the petition in bankruptcy.

Dallas Flannagan, of Upper Montclair, N. Y., for petitioner.
Jacob Goldstein, of New York City, for respondent.

Before LACOMBE, COXE, and ROGERS, Circuit Judges.

COXE, Circuit Judge. This controversy involves a simple question of law. The facts are not disputed. After the filing of the petition in bankruptcy one of the bankrupts took $600 belonging to the bankrupts' estate and delivered it to Freida Silberstein, who refuses to return it to the trustee for the reason that it was received by her in payment of a debt of $600 for money loaned by her to Arthur J. Rosenthal, one of the bankrupts.

We have no doubt that a plenary suit will lie in such circumstances: The question is, Was such a suit absolutely necessary? The Bankruptcy Act is in itself a summary proceeding. Its principal aim and object is to divide the bankrupt's property among his honest creditors as speedily as possible. The purpose of the act will be largely defeated if each time a question of law arises over the title to property an action at law or a suit in equity must be commenced. In all these cases time will be lost and the assets depleted if the complicated machinery of a suit must be set in motion. After all is said and done, the question at issue must be determined by the court as matter of law. In the present case there are no facts in dispute. The bankrupt Rosenthal owed Freida Silberstein $600 for money which he borrowed of her. No one disputes this proposition. An hour after the petition was filed Rosenthal took $600 from the assets of the bankrupt firm and sent it to Freida Silberstein, which sum she still retains. No one disputes this proposition.

The trustee in bankruptcy petitioned the court alleging the facts as stated above. Freida Silberstein answered alleging that she received the money in payment of a debt due and owing her from one of the bankrupts. With the issue so joined what were the disputed questions of fact? If the case had been tried with a jury what question could have been sent them for determination? The question was purely one of law and was, in substance, whether after the petition in bankruptcy was filed the bankrupt could lawfully pay out of the funds belonging to the bankrupt company a debt owing by the bankrupt. The debt to Freida Silberstein is admitted, the payment out of the company's property after the petition was filed is admitted and the issue is whether upon these facts she can retain the money so paid. This upon admitted facts is a question of law. The court would, therefore, have been justified in dealing with it in a summary proceeding and, in order that the estate may be speedily and economically settled, it should have done so.

These views, we think, are supported by: Lazarus v. Prentice, 234 U. S. 263, 266, 34 Sup. Ct. 851, 58 L. Ed. 1305; Everett v. Judson, 228 U. S. 474–478, 33 Sup. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; Bryan v. Bernheimer, 181 U. S. 188, 21 Sup. Ct. 557, 45 L. Ed. 814; Mueller v. Nugent, 184 U. S. 17, 22 Sup. Ct. 269, 46 L. Ed. 405.

In the opinion of a majority of the court the order should be reversed and the petition granted.