### REED v. BARNETT NAT. BANK OF JACKSONVILLE.

#### In re LONG.

(Circuit Court of Appeals, Fifth Circuit. April 8, 1918.)

#### No. 3210.

BANKRUPTCY ⚬288(1) — JURISDICTION OF BANKRUPTCY COURT — ADVERSE CLAIM TO PROPERTY.

A bank cannot acquire the right to set off against an indebtedness to it money deposited by a bankrupt after the filing of the petition against him, so as to require a plenary suit by the trustee for its recovery, but he may proceed by petition for a summary order in the bankruptcy proceeding.

Petition to Superintend and Revise from the District Court of the United States for the Southern District of Florida; Rhydon M. Call, Judge.

In the matter of Dennis F. Long, bankrupt. Petition by C. C. Reed, trustee, to revise an order dismissing his petition against the Barnett National Bank of Jacksonville. Order reversed.

Sam R. Marks, of Jacksonville, Fla. (Marks, Marks & Holt, of Jacksonville, Fla., on the brief), for petitioner.

F. P. Fleming, Jr., and J. S. Diver, both of Jacksonville, Fla., for respondent.

Before WALKER and BATTS, Circuit Judges, and GRUBB, District Judge.

WALKER, Circuit Judge. The following state of facts was shown by a petition filed by the trustee of the estate of Dennis F. Long, a bankrupt:

An involuntary petition in bankruptcy was filed against Long on April 5, 1917. Prior to and after the filing of the petition in bankruptcy Long had a deposit account with the Barnett National Bank of Jacksonville, and that bank was and is a creditor of Long, holding his note for $9,750, which became due on April 1, 1917. This note was not paid at maturity, and the bank was then advised of Long's insolvency, and was importuned by him to assist in the refinancing of his business. On April 1st there was a balance of $1,198.50 to

Long's credit in his deposit and checking account with the bank. Between April 1st and April 10th Long deposited with the bank, to be credited on that account, sums aggregating $4,335.57, and between those dates checks of Long aggregating $2,830.09, drawn against that account, were presented to and paid by the bank; $1,483.12 of such checks being presented and paid by the bank prior to the filing of the petition in bankruptcy, and $1,346.97 of such checks were presented and paid after the filing of such petition, the actual balance to the credit of Long on his deposit account at the time the petition was filed being $1,266.22. The bank refused to honor any checks of the bankrupt after April 9th, and on April 12th, the day before the adjudication of bankruptcy, it applied as an offset against the note of the bankrupt held by it the balance of $2,703.98 then remaining to Long's credit on his deposit account. By a summary proceeding the trustee sought an order requiring the bank to pay to him the last-mentioned amount. The court sustained the objection made on behalf of the bank to the maintenance of the summary proceeding resorted to. Its action to this effect is presented for review.

It is to be noted that more than the amount standing to the bankrupt's credit at the time the petition in bankruptcy was filed was paid on checks presented after that time. This being so, the $2,703.98 balance represents funds of the bankrupt received by the bank after the petition in bankruptcy was filed. The case presented is that of a creditor getting possession of funds of the bankrupt after the petition against him was filed, and setting up a claim of right to apply such sum to the bankrupt's debt to it. Before the bankrupt deposited these funds in the bank the petition in bankruptcy had already become operative as "a caveat to all the world and in effect an attachment and injunction." Before the bank acquired possession the funds were already in the custody of the law. They were not subject to be withdrawn from the bankruptcy court's grasp by another acquiring actual possession of them from the bankrupt.

This is not the case of a trustee in bankruptcy seeking to require a bank to pay the amount paid out by it on checks of the bankrupt without notice that a petition in bankruptcy had been filed against him. What the trustee sought was an order requiring the bank to pay the amount of funds deposited with it by the bankrupt after the petition was filed, and which was on deposit to the bankrupt's credit when the bank ceased to honor his checks. There was no color of right in the bank to retain funds received and kept under such circumstances. The bank was incapable of acquiring an adverse claim upon funds received from the bankrupt after the petition against him was filed. The claim could not be regarded as an adverse one, existing when the petition in bankruptcy was filed, as the subject of it was in the bankrupt's possession thereafter, and the bank's claim was one that could not be made until it acquired possession.

The trustee seeks an order requiring the delivery to him of assets of the bankrupt which were in the latter's possession, subject to no lien, after the petition in bankruptcy was filed. A plenary suit is not necessary in such case. The delivery to the trustee of the bankrupt's

property so acquired and held after the court's control of it attached may be ordered in a summary proceeding.   In re R. & W. Skirt Co., 222 Fed. 256, 138 C. C. A. 67; Lazarus v. Prentice, 234 U. S. 263, 34 Sup. Ct. 851, 58 L. Ed. 1305; Mound Mines Co. v. Hawthorne, 173 Fed. 882, 97 C. C. A. 394; In re Michaelis & Lindeman (D. C.) 196 Fed. 718.

The petition is granted, and the order of the court, sustaining the bank's objection to the maintenance of the summary proceeding, is reversed.