No. 9658.
Orleans Appeal.

M. FEITEL HOUSE WRECKING CO. v. JOHN L. OSTER.

(October 20, 1924, Opinion and Decree.)
(November 17, 1924, Rehearing Refused.)

---

*(Syllabus by the Court.)*

1. **Louisiana Digest, Sales, Par. 202; Estoppel, Par. 26.**
One who sells a number of flag stones belonging to the City of New Orleans without title thereto cannot question the formality of the sale of the flag stones to the City's vendee.

Appeal from the First City Court, Hon. Leon L. Labatt, Judge.

This is a suit to recover the purchase price of flagstones. There was a call in warranty.

Judgment for plaintiff and dismissing the call in warranty. Defendant appealed.

Judgment affirmed.

Arthur B. Leopold, attorney for plaintiff and appellee.

W. E. Westerman (for City of New Orleans in rule), attorney for appellee.

Habans & Coleman (for plaintiff and in warrants), attorney for appellant.

WESTERFIELD, J. The plaintiff in this case bought a quantity of flag stones from the City of New Orleans. A few of the stones were hauled away by plaintiff, whereupon he was prevented from removing the remainder by the defendant, who claimed ownership of the stones. Some time thereafter, following a consultation with the City authorities, plaintiff again attempted to remove the stones, when it was discovered that they were for the most part missing. Upon inquiry plaintiff says that defendant told him he, defendant, did not know what had become of the stones. Defendant claims he said he did not know where they were. The difference between plaintiff and defendant's statements as to what defendant said being the difference between deception and evasion. Subsequently, through the detective department of the City it was learned that a number of the stones had been given in exchange by the defendant to a contractor by the name of Johnson for a quantity of dirt or filling, whereupon this suit was entered for $150.00 as the alleged value of the stones. The defendant alleging title from the City called it in warranty.

There was judgment below in plaintiff's favor for $70.00 and dismissing the call in warranty. Defendant has appealed. Plaintiff has answered the appeal seeking to have the amount increased to the sum prayed for.

The stones were bought from an official of the City of New Orleans known as Purchasing Agent and defendant says the sale was irregular in that it was not preceded by advertisement as required by law. Un-

less defendant can show some color of title to the stones, he cannot attack plaintiff's title, which is regular on its face under familiar principles of law. Defendant, who had recently acquired a franchise from the City to operate a public market on the premises where the stones were lying, claims to have been given authority by Mr. Wilber Black, one of the City Commissioners, to do as he pleased with the stones. This Mr. Black denies, stating that he had only given defendant permission to remove the stones if they were in his way, moreover defendant's conduct in relation to the stones does not impress us with the sincerity of his claim of ownership even under such weak tenure as is claimed. We conclude on this point that defendant had no claim of ownership of the stones which would entitle him to dispute the regularity of the sale by the City to plaintiff. He disposed of the stones without any legal right to do so and should compensate plaintiff, who, as far as he was concerned at least, had an absolute title to the flag stones.

The lower court fixed upon the sum of seventy dollars because this amount was testified to by the man Johnson as the value of the dirt given by him in exchange for the stones he received. Plaintiff says the stones were worth $150.00, but he was referring to all of the stones remaining after he had taken away a small quantity before being stopped by defendant. The evidence convinces us that there are still some stones remaining and some broken for which defendant cannot be held responsible, consequently we are not prepared to say that the lower court erred in its judgment, which is accordingly affirmed.