## In re TIMES SQUARE AUTO SUPPLY CO., Inc.

### No. 46360.

District Court, S. D. New York.
June 20, 1930.

662

David Haar, of New York City, for Bank of United States.

Blumberg & Parker, of New York City, for Irving Trust Co.

FRANK J. COLEMAN, District Judge.

An involuntary petition in bankruptcy was filed against the Times Square Auto Supply Company, Inc., on January 11, 1929. At that time it had a bank account with the Colonial Bank, now the Bank of United States, and had shortly before the date of the filing of the petition deposited in that account its own checks drawn in the aggregate of $15,742.03, and had at the same time drawn against these deposits the sum of $10,523.68. The checks so deposited were dishonored by the banks against which they were drawn, and consequently there was a large overdraft in the bankrupt's account in the Colonial Bank.

The checks which were so deposited and dishonored were drawn against the bank accounts of the various branch stores which the bankrupt maintained in this city and elsewhere. After the filing of the petition no receiver was appointed, but the bankrupt was permitted to continue business under the guidance of a creditor's committee. The bankrupt continued to make deposits in the bank accounts of its various branch stores, and, within three weeks after the filing of the petition, these accounts had sufficiently large credit balances to pay the checks which had been deposited with the Colonial Bank and dishonored when presented. The Colonial Bank, therefore, had them presented again, and during the period from January 15th to January 31st they were all paid out of the funds which had been deposited by the bankrupt in the accounts of its branch stores after the filing of the petition.

The turnover order which is sought by the trustee is for the total of these payments. The adjudication did not take place until April 17, 1929, almost two months after the payments, and in the meantime no receiver was appointed.

The bank contends that, whatever its liability to refund the money, the matter cannot be determined over its objection in a summary proceeding, but that the trustee must be relegated to the plenary suit, because of the bank's bona fide adverse claims; and I am of the opinion that this contention is correct. The trustee's sole ground of opposition is that, upon the filing of the petition, all the assets of the bankrupt were in custodia legis and could not be paid out upon a past-due indebtedness. The case of R. & W. Skirt Co., 222 F. 256, cited by the Circuit Court of Appeals of this Circuit, supports this view, and holds that, where a bankrupt makes a payment upon a past indebtedness after the filing of the petition, the referee may summarily direct its return. While the opinion does not state that no receiver had been appointed in that case, I would assume that there had been none from the fact that the payment was made within an hour after the filing of the petition. Furthermore, support may be found in Reed v. Barnett National Bank (C. C. A.) 250 F. 983, where it is held that a bank has no right to offset against moneys deposited by the bankrupt after the filing of the petition, and that a summary proceeding will lie to determine the question.

On the other hand, in the more recent case of In re Perpall, 271 F. 466, the Circuit Court of Appeals of this circuit held that, in the absence of a receiver between the filing of the petition and the adjudication, the bankrupt under the law had power to dispose of his property provided he did not thereby create preference or commit a fraud. Furthermore, in the case relied upon by the referee and cited by the trustee as being directly in point, Farmers' & Mechanics' National Bank v. Wilkinson (C. C. A.) 295 F. 120, 2 A. B. R. (N. S.) 360, while the court took summary jurisdiction to direct the return of the payment made by the bankrupt after the filing of the petition, it appeared that a receiver had been appointed prior to the payment by the bankrupt.

A serious question of law in view of the conflicting opinions is presented as to wheth--

er the mere filing of the petition in bankruptcy makes void any payment by him thereafter of a previously incurred indebtedness. If the trustee should seek to rely upon the charge of preference, the facts alleged in the petition are not sufficient to sustain it; and, furthermore, if they were to be alleged, would be denied and thus would present a proper case for a plenary suit. Under all the circumstances, I believe it would be proper to present all the issues of fact and law in such suit, and I, accordingly, reverse the order of the referee and dismiss the turnover proceeding.