## In re TIMES SQUARE AUTO SUPPLY CO., Inc.

### No. 159.

Circuit Court of Appeals, Second Circuit.

Jan. 5, 1931.

Winifred Sullivan, of New York City, for appellant.

Whitbeck & Griffin, of New York City, for appellee.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

Blumberg & Parker, of New York City (Samuel M. Chapin, of New York City, of counsel), for appellant.

David Haar, of New York City, for appellee.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

SWAN, Circuit Judge (after stating the facts as above).

The jurisdiction of this court is challenged by a motion to dismiss on the ground that no leave to appeal was obtained. If an appeal lies only under section 24b of the Bankruptcy Act, as amended by the Act of May 27, 1926, § 9, 11 USCA § 47 (b), the motion must be granted; if, however, it lies under section 24a, as amended by Act May 27, 1926, § 9, 11 USCA § 47 (a), jurisdiction exists.

It is now settled that a proceeding, though summary, to compel a third person to deliver or account for property adversely held is a "controversy arising in bankruptcy proceedings," as distinguished from a "proceeding in bankruptcy," and is reviewable by appeal under section 24a. Harrison v. Chamberlin, 271 U. S. 191, 46 S. Ct. 467, 70 L. Ed. 897; Taylor v. Voss, 271 U. S. 176, 180, 46 S. Ct. 461, 70 L. Ed. 889. Hence, it has been held, since the amendment of 1926, that an appeal will lie without obtaining its allowance by the appellate court. White v. Barnard, 29 F.(2d) 510 (C. C. A. 1), certiorari denied, 279 U. S. 848, 49 S. Ct. 346, 73 L. Ed. 992; Clements v. Conyers, 31 F.(2d) 563 (C. C. A. 7). In the cases cited, the District Court had ruled in favor of summary jurisdiction; and the appellee contends that they are distinguishable from the case at bar because here jurisdiction was denied. Weidhorn v. Levy, 253 U. S. 268, 270, 40 S. Ct. 534, 64 L. Ed. 898, is relied upon. What the court was there discussing was an alternative remedy to an appeal under section 24a; that is, whether the trustee might not obtain appellate review by petition to revise under paragraph (b) of said section, as it then read, when all the facts were admitted and only a question of law was presented. See the discussion of this case in Taylor v. Voss, 271 U. S. 176 at page 186, 46 S. Ct. 461, 70 L. Ed. 889. In the latter case it was expressly decided that in a "controversy" appealable under section 24a, a concurrent remedy by pe-

tition to revise was available under section 24b as to matters which did not raise questions of fact. While this case was decided before the 1926 amendment, there seems to be no reason to suppose that the rule is now different. The amendment has merely substituted an appeal by allowance for the former petition to revise. We do not understand the Weidhorn opinion to mean that an appeal under section 24a is necessarily improper when the District Court has denied its jurisdiction to proceed summarily. We conclude, therefore, that the appeal is lawfully before us.

■ The main question raised by the appeal is the jurisdiction of the lower court to proceed summarily. All the facts alleged in the trustee's petition for a summary order were admitted by the bank at the hearing upon its objection to jurisdiction. Thus it appears that before the filing of the petition in bankruptcy the Colonial Bank was a creditor of the bankrupt to the extent of the bankrupt's overdraft, and thereafter, with knowledge of the pending petition in bankruptcy, obtained money belonging to the bankrupt's estate, which it retains, after demand by the trustee, in payment of the bankrupt's debt. If the Colonial Bank is bound to account for this money, so likewise is the appellee, since it has assumed the liabilities of the Colonial Bank. The question is whether on these admitted facts the court may summarily order the appellee to account.

Concededly it may, if our decision in Re R. & W. Skirt Co., 222 F. 256, still be law. In that case, after the filing of a petition in bankruptcy, one of the bankrupts paid money belonging to the bankrupt estate to a creditor in satisfaction of the debt, and the trustee was held entitled to recover it in a summary proceeding. But it is urged that this decision must be deemed to be modified, if not overruled, by In re Perpall (C. C. A.) 271 F. 466. There bonds delivered to the bankrupt before the petition in bankruptcy were paid for on the day of delivery but after the petition was filed. We ruled that the money so paid could not be recovered by the trustee in bankruptcy. We had previously held, in other litigation arising out of the same bankruptcy, that a seller of bonds who had not been paid could reclaim them from the bankrupt's estate. In re Perpall (C. .C. A.) 256 F. 758. The theory of both decisions was that passage of title and payment of the price were intended to be coincident. The later Perpall decision was merely an instance of the bankrupt's power to dispose of property (cash) in exchange for a present consideration of equal value (bonds), after petition filed and before adjudication. Cf. Johnson v. Collier, 222 U. S. 538, 32 S. Ct. 104, 56 L. Ed. 306; In re Mertens, 144 F. 818, 823 (C. C. A. 2); Remington, Bankruptcy (3d Ed.) § 1399. Whether Perpall's trustee in bankruptcy could have rescinded the purchase of the bonds on the theory that the filing of the petition is "a caveat to all the world, and in effect an attachment and injunction," as said in Mueller v. Nugent, 184 U. S. 1, 14, 22 S. Ct. 269, 275, 46 L. Ed. 405, and repeated in numerous later decisions, is a point upon which we need express no opinion; he did not attempt rescission, and, since he kept title to the bonds, he could not recover the payment. That was all the Perpall Case decided, and it is not contrary to In re R. & W. Skirt Co., which in our opinion governs the case at bar. The rule there announced, namely, that, when a creditor secures payment of his debt from the bankrupt's estate after the filing of the petition, repayment of the money may be summarily ordered, received approval in May v. Henderson, 268 U. S. '111, 117, 45 S. Ct. 456, 69 L. Ed. 870, and finds support in decisions of other circuits, as well as in a later case of our own. Reed v. Barnett Nat. Bank, 250 F. 983 (C. C. A. 5); In re Walker Grain Co., 295 F. 120 (C. C. A. 5), certiorari denied, 264 U. S. 588, 44 S. Ct. 402, 68 L. Ed. 864; Gamble v. Daniel, 39 F.(2d) 447 (C. C. A. 8); In re Columbia Shoe Co., 289 F. 465 (C. C. A. 2).

■ The appellee contends that the trustee's petition is insufficient because there is no allegation of the bankrupt's insolvency. But the trustee's claim is not that the Colonial Bank received a voidable preference, but that it interfered with property in custodia legis. Cf. Edison Electric Illuminating Co. v. Tibbetts, 241 F. 468 (C. C. A. 1). On the latter theory insolvency is immaterial; no mention of it was made in the cases cited above as sustaining summary jurisdiction. They proceed upon the view that property of the bankrupt which is in his possession at the filing of the petition, or comes into his possession thereafter, is constructively in the possession of the bankruptcy court and subject to its summary process; and that any person who takes such property—certainly if he has notice of the pending petition, and probably even if he has not, and pays no present consideration—is likewise subject to a summary order to return it or to account for its value. While it is true that a bona fide adverse claim will generally entitle the claimant to a plen-

ary trial, this is not true under the circumstances here presented, and when the facts are undisputed. The assertion that the claim is adverse is not enough to defeat summary jurisdiction, if on the undisputed facts it appears to be merely colorable, May v. Henderson, supra; nor does the mere fact that an argument may be made in favor of a claimant render a debated question of law a substantial question. In re Columbia Shoe Co., supra. Under no tenable theory can property in custodia legis be taken by a creditor having knowledge of the pending petition to satisfy a pre-existing debt of the bankrupt.

Accordingly, the order of the District Court is reversed, and the cause remanded for entry of an order in favor of the appellant.