## In re WILLIAMS.

District Court, D. Minnesota, Fifth Division.
Nov. 9, 1931.

Courtney & Courtney, of Duluth, Minn., for petitioner.

Arthur R. Smythe, of Duluth, Minn., for trustee.

CANT, District Judge.

Some time prior to May 1, 1930, the bankrupt, Chas. E. Williams, purchased from Minneapolis-Moline Power Implement Company, respondent herein, certain farm machinery· and farm implements on so-called conditional sales contracts. These contracts were not filed for record in any public office.

On May 22, 1930, said bankrupt executed and delivered to said respondent a chattel mortgage covering certain of the property included in said conditional sales contracts.

On May 23, 1930, the bankrupt, by bill of sale, transferred to Grahek Hardware Company a considerable amount of personal property, including that covered by said chattel mortgage; and on said date said Grahek Hardware Company took possession of the property covered by said bill of sale. Such transfer was intended to be, and was in fact, in trust for the benefit of the creditors of said bankrupt.

On June 16, 1930, an involuntary petition in bankruptcy was filed against the said bankrupt.

On June 21, 1930, an action in replevin was instituted in the district court, within and for the county of Kanabec, and state of Minnesota, by said respondent against said Grahek Hardware Company, for the purpose of acquiring possession of the property covered by said chattel mortgage in order that such mortgage might be foreclosed.

On July 2, 1930, the said Williams was adjudicated a bankrupt.

On July 3, 1930, under the action above referred to, the sheriff of Kanabec county took possession of the property covered by said chattel mortgage, and which, up to said date, had been in the possession of the Grahek Hardware Company, as aforesaid.

On July 15, 1930, the said chattel mortgage was foreclosed, and the property thereunder was sold at public auction and purchased by said respondent.

On October 15, 1930, trustees were duly appointed in the bankruptcy proceeding above referred to.

In January; 1931, the said trustees instituted this, a summary proceeding, in which they ask that the respondent be required to restore to the bankrupt estate the property so seized by said sheriff, or that it account to said trustees for the value thereof.

The respondent challenges the authority of the referee, in such a proceeding, to grant the relief asked. The single question considered by the referee was whether he had jurisdiction in a summary proceeding to grant such relief or whether there should be a plenary suit. Evidence bearing upon the merits of the controversy was not offered. The referee held that the cause was one where relief by summary proceeding might be granted. The case is here for review on two separate certificates from the referee, setting forth the proceedings had before that officer and the evidence upon which the action before him was taken.

In determining the question of whether relief of the character herein prayed for by the trustees may be granted in a summary proceeding, or whether there must be a plenary suit, the test or criterion is whether at the time the petition in bankruptcy was filed the bankrupt had possession of the property involved. If he had, then, through the filing of the petition, the court acquired such possession that a summary proceeding may be employed. Gamble v. Daniel (C. C. A.) 39 F.(2d) 447, 453; In re Walker Grain Co. (C. C. A.) 295 F. 120, 122; Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 432, 433, 44 S. Ct. 396, 68 L. Ed. 770; May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 69 L. Ed. 870. If he had not, and if, at the time of filing such petition, the property was in the actual possession of a third person who made, and continued to make, a substantial adverse claim thereto, then the rights of the parties must be determined by a plenary suit. See authorities last above cited. To warrant the use of a summary proceeding, the possession of the property involved, which the court must have, and which is a necessary prerequisite, may be either actual or constructive. "Constructive possession is sufficient. It exists where the property was in the physical possession of the debtor at the time of the filing of the petition in bankruptcy, but was

not delivered by him to the trustee; where the property was delivered to the trustee, but was thereafter wrongfully withdrawn from his custody; where the property is in the hands of the bankrupt's agent or bailee; where the property is held by some other person who makes no claim to it; and where the property is held by one who makes a claim, but the claim is colorable only." Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 432, 433, 44 S. Ct. 396, 398, 68 L. Ed. 770; White v. Barnard (C. C. A.) 29 F.(2d) 510, 512, Subs. (2) and (3); Gamble v. Daniel (C. C. A.) 39 F.(2d) 447, 453, 454.

The transfer to Grahek Hardware Company, in effect, was an assignment for the benefit of the creditors of the bankrupt. The schedules so state; the transferees governed themselves in accordance with that theory; after the bankruptcy, they made no claim to the property, but delivered the same to the persons who did actually make claim thereto. Under such circumstances, the hardware company is not to be deemed as holding title adversely. It is considered as holding the property as the agent or bailee of the bankrupt, and, by summary order, may be required to turn over such property to an officer of the court at any time. Gamble v. Daniel (C. C. A.) 39 F.(2d) 447, 453, 454; In re Diamond's Estate (C. C. A.) 259 F. 70, 74. May v. Henderson, 268 U. S. 111, 115, 120, 45 S. Ct. 456, 69 L. Ed. 870.

From the date of filing the petition in bankruptcy, therefore, the property in question was in the constructive possession of the court. The subsequent seizure of the property by the respondent was an interference with that possession, was wholly unauthorized, and could vest no additional rights in the respondent. In such cases, the possession of the court must remain inviolate for the purpose contemplated by the Bankruptcy Act, and must be deemed continuous until released by the court itself. Subsequent to filing the petition in bankruptcy, liens cannot be given or acquired on the property affected thereby. This is true whether the attempt be made through legal proceedings or by act of the bankrupt. May v. Henderson, 268 U. S. 111, 117, 45 S. Ct. 456, 69 L. Ed. 870; Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 266, 267, 34 S. Ct. 851, 58 L. Ed. 1305; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 308, 32 S. Ct. 96, 56 L. Ed. 208; In re Day Lumber Co. (D. C.) 40 F.(2d) 285; In re Walker Grain Co. (C. C. A.) 295 F. 120, 122; In re R. & W. Skirt Co. (C. C. A.) 222 F. 256; In re Schermer-horn (C. C. A.) 145 F. 341, 342. "While valid liens existing at the time of the commencement of a bankruptcy proceeding are preserved, it is solely within the power of a court of bankruptcy to ascertain their validity and amount and to decree the method of their liquidation." Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 738, 51 S. Ct. 270, 272, 75 L. Ed. 645. "The jurisdiction in bankruptcy is made exclusive in the interest of the due administration of the estate and the preservation of the rights of both secured and unsecured creditors." Id., 282 U. S. 739, 51 S. Ct. 270, 272, 75 L. Ed. 645.

One wrongfully acquiring possession of property by taking the same from the possession of the court must be regarded as in no better position than he would be if no such possession had been acquired. The precise time of a wrongful seizure, after the filing of a petition in bankruptcy, is not important. The possession of the court is as fully protected at one time as at another. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183, like the case at bar, was one where, after adjudication, the property was seized by a third person.

The court, therefore, in this case, being in constructive possession of the property in question, was fully authorized by summary proceeding to require the respondent to return such property to the possession of the court, or to account for the value thereof.

In support of the foregoing statements and conclusions, the following related and underlying general rules applicable to bankruptcy proceedings will now be briefly referred to:

When a petition in bankruptcy is filed, all property of the bankrupt, wherever situated, is then and thereby brought in custodia legis. Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 649, 36 S. Ct. 466, 60 L. Ed. 841; Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 266, 34 S. Ct. 851, 58 L. Ed. 1305; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 32 S. Ct. 96, 56 L. Ed. 208; Imperial Assurance Co. v. Livingston (C. C. A.) 49 F.(2d) 745, 749; In re Walker Grain Co. (C. C. A.) 295 F. 120, 122. The title to such property remains in the bankrupt until the adjudication, if that shall occur, and thereafter until the appointment and qualification of the trustee in the bankruptcy proceeding. Johnson v. Collier, 222 U. S. 538, 539, 540, 32 S. Ct. 104, 56 L. Ed. 306; Imperial Assurance Co. v. Livingston (C. C. A.) 49 F.(2d) 745, 749. Upon

the appointment and qualification of the trustee, the title to all property of the bankrupt, wherever situated, becomes vested in such trustee as of the date of the filing of the petition in bankruptcy. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 51 S. Ct. 270, 75 L. Ed. 645; Fairbanks Steam Shovel Co. v. Wills, 240 U. S. 642, 649, 36 S. Ct. 466, 60 L. Ed. 841; Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 266, 34 S. Ct. 851; 58 L. Ed. 1305; Everett v. Judson, 228 U. S. 474, 478, 479, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154. Property theretofore purchased by the bankrupt under conditional sales contract is not excepted. It follows the same course as other property. The bankrupt has an equitable interest therein. Karalis v. Agnew, 111 Minn. 522, 127 N. W. 440. This is equally true of property covered by chattel mortgage. All rights of the bankrupt pass to the trustee. If the circumstances in any particular case are such as to make it reasonably necessary that the custody of the court, from the date of filing the petition in bankruptcy, shall be made more effective and secure, that may be accomplished by the appointment of a receiver or other custodian for the property. Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 307, 308, 32 S. Ct. 96, 56 L. Ed. 208; Imperial Assurance Co. v. Livingston (C. C. A.) 49 F.(2d) 745, 749; Bankruptcy Act, §§ 2 and 3, and 69a (11 USCA §§ 11, 21, and 109).

These rules are an outgrowth of the older and well-established rule that, when a court of competent jurisdiction takes possession of property through its officers, this withdraws the property from the jurisdiction of all other courts, which, though of concurrent jurisdiction, may not disturb that possession; and the court originally acquiring jurisdiction is competent to hear and determine all questions respecting title, possession, and control of the property. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 737, 738, 51 S. Ct. 270, 75 L. Ed. 645; Murphy v. John Hofman Co., 211 U. S. 562, 568, 569, 29 S. Ct. 154, 53 L. Ed. 327. The reasons for the prompt and careful administration of estates in bankruptcy make it necessary that the original rule last above referred to be somewhat modified and strengthened in such cases, and the rules as to constructive possession and as to summary proceedings have developed therefrom.

The reasoning upon which rests all of the foregoing rules, and especially those relating to the use of summary proceedings, is in part as follows:

The purpose of the Bankruptcy Act (11 USCA) is to protect the rights of all persons interested in bankrupt estates and to secure a just distribution of all the nonexempt assets belonging thereto. This is an important work, and, as a matter of necessity, powers commensurate therewith must be vested in the bankruptcy court. In administering the provisions of the act, resort should not be had to involved or protracted litigation, in cases where, without ignoring constitutional provisions, a more summary course may be pursued. Under the Constitution, Congress has broad powers in reference to bankruptcy. In turn it has passed on much authority and much responsibility to the courts through the Bankruptcy Act. See U. S. Fidelity & Guaranty Co. v. Bray, 225 U. S. 205, 218, 32 S. Ct. 620, 56 L. Ed. 1055. When a court has the property of a bankrupt estate in its possession for the purpose of a careful administration thereof, it must not be embarrassed and interfered with in the performance of its duties in respect thereto, through intermeddling or the taking possession, by force or otherwise, of such property, by any third person. As a practical necessity, such intermeddling with property in the possession of the court must be regarded, in effect, as in conflict with the court's authority and duty, approaching in its nature certain classes of contempt, and must be dealt with in much the same manner. Any other rule, through the long delays which otherwise would ensue before such interferences could be checked, and the effects thereof be corrected, would but serve to invite such encroachments and intermeddling, would greatly thwart the attainment of justice, and would bring the administration of the law into well-merited disrepute. In re R. & W. Skirt Co. (C. C. A.) 222 F. 256. In such cases, therefore, the court should be authorized, by summary measures, to protect its own jurisdiction over the property which may be in question. By a reasonable extension of the same principle, and even when no pressing interference with the possession of the court is involved, the latter should be authorized to determine the merits of all liens, claims, or charges of every kind which may be made against property in its possession. Potentially, such claims, or charges, ultimately might affect the right of possession or the residual value of such property, and, for much the same reasons as above set forth, it is desirable that the court, having such possession, be authorized to pass sum-

marily upon such liens, claims, and charges. The rule in reference thereto, and which is in accordance with the foregoing, is founded on necessity, and has been long sanctioned in practice. Isaacs v. Hobbs Tie & Timber Co., 282 U. S. 734, 738, 51 S. Ct. 270, 75 L. Ed. 645.

The question of whether respondent had notice of the bankruptcy at the time of seizing the property in question is not important here. It is hardly possible that it did not have such notice; but, in any event, it paid no new consideration, parted with no property, and is in no worse situation than it was before the seizure. Moreover, it makes no claim of want of notice, or of any rights based thereon.

As already indicated, the determination of the referee to the effect that a summary proceeding is appropriate under the facts of this case should be approved.