### In re DOELGER.
### No. 56945.

District Court, S. D. New York.

Jan. 15, 1934.

Albert J. Sattler, of New York City, for petitioner.

Krause, Hirsch & Levin, of New York City, for trustee.

PATTERSON, District Judge.

On April 5, 1933, Doelger filed a petition for extension under section 74 of the Bankruptcy Act, one of the provisions for the relief of debtors added by the Act of March 3, 1933, § 1 (11 USCA § 202). The petition was approved by the court as provided in paragraph (a) of the section and the case sent to a referee, but no further material progress toward a composition or extension proposal was made. One of the creditors then moved under paragraph (l) for an order that the debtor be adjudicated bankrupt, on the ground that he had commenced or prolonged the extension proceeding "for the purpose of delaying creditors and avoiding an adjudication in bankruptcy." The application was granted by the court on October 2, 1933, and an order of adjudication was entered three days later. Thereafter a trustee in bankruptcy was appointed. It then developed that on August 8, 1933, Doelger had conveyed certain real estate in New Jersey to two daughters. The real estate had been listed in the schedules filed by him with his extension petition. The referee issued an order to the daughters to show cause why they should not convey the real estate to the trustee. Over their protest that he had no jurisdiction, the referee entered an order that the daughters execute quitclaim deeds to the trustee. The daughters seek a review of this order.

The case, then, is one where a debtor who has filed a petition for extension of his debts under section 74 of the act has conveyed property to others without valuable consideration while the extension proceeding was still pending. In the further progress of the proceeding he is adjudicated a bankrupt. Has the bankruptcy court summary power to order the transferees to convey the property to the trustee? No cases arising under the new law have been cited, but a study of the act of March 3, 1933, leaves no doubt as to the existence of the necessary power.

Paragraph (m) of section 74 (11 USCA § 202(m) is to the effect that the filing of the petition shall subject the debtor and his property to the jurisdiction of the court. It goes on to provide: "In proceedings under this section, except as otherwise provided therein, the jurisdiction and powers of the court, the title, powers, and duties of its officers and, subject to the approval of the court, their fees, the duties of the debtor, and the rights and liabilities of creditors, and of all persons with respect to the property of the debtor and the jurisdiction of appellate courts shall be the same as if a voluntary petition for adjudication had been filed and a decree of adjudication had been entered on the day when the debtor's petition or answer was filed and any decree of adjudication thereafter entered shall have the same effect as if it had been entered on that day."

By express provision of the statute, the power of the court and the duties "of all persons with respect to the property of the debtor" are the same as if the debtor had been adjudicated bankrupt on the day when he filed his petition. From that time forward the debtor's property is in custodia legis. If the debtor thereafter transfers property to others, the rights of the transferees are no better than as if the debtor had already been adjudicated bankrupt. And the jurisdiction of the court is the same as where a bankrupt transfers part of his estate after the filing of petition against him. The test then is whether an order of the kind made here would be proper if Doelger had been adjudicated bankrupt in April, when he filed his petition for extension.

The summary jurisdiction of the bankruptcy court attaches to property in the bankrupt's possession at the filing of the petition in bankruptcy. Once attached, the jurisdiction is not lost by the bankrupt's later transfer of part of the estate to others. The transferees may be ordered summarily to turn the property over to the trus-

tee. Lazarus, Michel & Lazarus v. Prentice, 234 U. S. 263, 34 S. Ct. 851, 58 L. Ed. 1305; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870; In re Denson (D. C.) 195 F. 854; In re R. & W. Skirt Co. (C. C. A.) 222 F. 256; Reed v. Barnett Nat. Bank (C. C. A.) 250 F. 983; In re Times Square Auto Supply Co. (C. C. A.) 47 F.(2d) 210. Since the real estate in question was part of Doelger's estate at the filing of the petition, it is manifest that the referee had jurisdiction by summary order to direct that those who later acquired it from him should turn it back to the estate.

The respondents contended that Doelger was solvent when he conveyed the land to them. The facts seem to indicate that he was not solvent at that time, but, in any event, the solvency or insolvency of Doelger is not now in issue. The proceeding is not strictly one to recover a fraudulent conveyance. It is to restore to the bankrupt estate property taken from it in disregard of the fact that it was then in the custody of the court. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; In re Smith (D. C.) 18 F.(2d) 797; Gamble v. Daniel (C. C. A.) 39 F.(2d) 447, 454. The referee was right in rejecting proof bearing on solvency.

The referee's order directing a conveyance of the real estate to the trustee was proper and will be affirmed.