COHEN et al. v. BACHARACH.

(Circuit Court of Appeals, Second Circuit. January 11, 1916.)

No. 91.

1. BANKRUPTCY ⬗116—COLLECTION OF ASSETS OF ESTATE—DUMMY CORPORATIONS.

Where, though a trustee in bankruptcy claimed that a corporation was a dummy corporation and that all of its property belonged to the bankrupts, there was evidence that its property was subject to a mortgage, and that the bankrupts had transferred their stock to their wives for value, the trustee should have proceeded against the corporation for the surrender of all its property to him, in order that stockholders and creditors, if there were any other than the bankrupts, might have an opportunity to resist the application, or, if it was granted, to prove their claims against the estate in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. ⬗116.]

2. BANKRUPTCY ⬗148—PREFERENCES—PAYMENTS CONSTITUTING.

After an adjudication in bankruptcy, bankrupts could properly pay on a mortgage on property formerly owned by them, which they desired to have paid, money earned by them after the petition was filed, or obtained by them from relatives or friends.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 194, 625; Dec. Dig. ⬗148.]

Appeal from the District Court of the United States for the Southern District of New York.

---

⬗For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Bill in equity by Lawrence B. Cohen, as trustee in bankruptcy of Simon Uhlfelder and another, individually and as members of the firm of Uhlfelder & Weinberg, bankrupts, against Julius Bacharach. From a decree dismissing the bill, complainant appeals. Affirmed.

Engel Bros., of New York City (J. B. Engel, of New York City, of counsel), for appellant.

M. S. & I. S. Isaacs, of New York City (L. M. Isaacs, of New York City, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

WARD, Circuit Judge. This is a bill in equity filed by the trustee in bankruptcy of Uhlfelder & Weinberg against Julius Bacharach to recover $6,600 paid to him by the bankrupts after their adjudication on account of a mortgage of $7,500, not made by them, but covering premises on Eightieth street, formerly owned by them. Judge Learned Hand dismissed the bill, without costs.

In June, 1911, Bacharach began an action to foreclose his mortgage. The petition in involuntary bankruptcy was filed against Uhlfelder & Weinberg October 11, 1911. The bankrupts begged Bacharach to delay the prosecution of his action, so as to give them time to raise money to pay off the mortgage, and they did make him payments from time to time between October 11 and November 7, 1912, aggregating $6,600. The trustee's theory is that these payments were out of the proceeds of sale of leasehold premises on Franklin street belonging to the Channel Realty Company, which he charges to have been a dummy corporation organized by the bankrupts who owned the whole of its capital stock.

The reason why the bankrupts were so anxious to have this mortgage paid off was that they had furnished an agreement in Bacharach's name, his signature being forged, subordinating his mortgage to two mortgages subsequently executed by them on the same premises to secure the payment of $16,500 each. The only conceivable inducement to Bacharach for delaying foreclosure of his perfectly safe mortgage lien was to give the bankrupts, one of whom was his cousin, a chance to raise the money to pay it off and so prevent publicity. There was evidence that the Franklin street leasehold was subject to a mortgage of the Channel Realty Company of $18,000 and that the bankrupts had transferred their stock in the company to their wives for value; also some evidence that Bacharach and his attorney had enough notice to put them on inquiry whether the moneys paid him did not belong to the bankrupts' estate.

The bankrupts were willing witnesses for the trustee, but the District Judge, because of what they had done and of the manifold contradictions in their evidence, gave them little credence. We concur in his conclusion that the trustee has failed to make out as clearly as he should that the Channel Realty Company was a dummy corporation; that is, that all its property belonged to the bankrupts, and that there were no stockholders other than themselves, nor any creditors interested in it.

[1] The proper course would have been for the trustee to proceed against the Channel Company for the surrender of all its property to him. In this way stockholders and creditors of that company, if there were any, other than the bankrupts, would have been given an opportunity to resist the application or if it was finally granted, then to prove their claims against the estate in bankruptcy. This is what was done in Re Rieger (D. C.) 157 Fed. 609, 19 Am. Bankr. R. 622, and Re Munsey Pulp Co., 139 Fed. 546, 71 C. C. A. 530, much relied upon by the trustee.

[2] The proofs leave a further doubt, viz. whether all the payments to Bacharach did come out of the proceeds of sale of the Franklin street leasehold. The bankrupts could properly pay him money which they earned after petition filed, or got from relatives or friends.

While it must be conceded, as the District Judge did concede, that the whole transaction is complicated, perplexing, uncertain, and unsatisfactory, we think he rightly dismissed the bill, without costs, and therefore the decree is affirmed, with costs of this court.