## In re RETAIL STORES DELIVERY CORPORATION.

District Court, S. D. New York.

Dec. 11, 1933.

Oppenheimer, Haiblum & Kupfer, of New York City (Eli S. Silberfeld, of New York City, of counsel), for trustee.

Shearman & Sterling, of New York City (Carl A. Mead and Justus Sheffield, both of New York City, of counsel), for respondent·

PATTERSON, District Judge.

The trustee in bankruptcy of Retail Stores Delivery Corporation brought a summary proceeding against the National City Bank, as successor to the Bank of America, to compel the turning over of the sum of $6,936.30. The referee who heard the matter granted the relief asked for to the extent of $1,040.01.· The trustee is satisfied with the result; the bank questions the correctness of the ruling.

Prior. to bankruptcy, the bankrupt maintained an account with the Bank of America. An involuntary petition was filed on May 7, 1931. On May 8 the bank received notice of the pendency of the proceeding and shortly

thereafter applied the bankrupt's entire balance toward payment of an unmatured loan owed it by the bankrupt. No complaint is made of this transaction. On May 16 the bankrupt, which was still continuing business, deposited in the bank checks payable to its order totaling $7,226.29 and on the same day was permitted by the bank to withdraw, by checks payable to "cash," sums aggregating $6,936.30 against the funds deposited. Of the sum so withdrawn by the bankrupt, $1,500 was paid to the wife of the bank's manager in payment of a debt owed to her by the bankrupt. What the bankrupt did with the balance does not appear. There was an adjudication in bankruptcy on May 20 and several weeks later the trustee was appointed. It also appears, though I think that the fact is of no importance, that a receiver had been appointed coincident with the filing of the petition in bankruptcy, but by order of May 12 the receiver was stayed from acting until further order. The receiver was not functioning on May 16, when the deposits and withdrawals were made, and the bank, though notified of the filing of the petition against the bankrupt, apparently had no notice of the receivership.

In its answer to the petition brought against it, the bank protested that it was not subject to summary jurisdiction of the bankruptcy court, on the ground (among others) that the money received by it and paid out was not part of the bankrupt estate and had never been subject to the jurisdiction of the bankruptcy court. At the hearings before the referee the bank proved conclusively that of the $7,226.29 deposited by the bankrupt on May 16, the amount of $5,000 represented money borrowed by it from the Lurie Auto Company several days after petition filed for which none of its property was pledged, and the amount of $896.29 was money earned by the bankrupt for services rendered after petition filed. These two amounts totaled $5,896.29. There was no evidence as to the source of the remaining $1,330. The referee held that the deposits to the extent of the $5,000 and the $896.29 were not part of the bankrupt estate and denied relief as to these amounts. He ordered the bank to pay over the rest of the money demanded. The bank has brought the case here on petition to review.

No authorities governing the precise point have been called to my attention. On principle I am convinced that the referee should have dismissed the entire proceeding for lack of jurisdiction and that the order against the bank to turn over the sum of $1,040.01 was erroneous.

■ Barring cases where the party proceeded against consents, the jurisdiction of the bankruptcy court to take summary action regarding the bankrupt estate rests on possession, actual or constructive, of the property involved. Taubel-Scott-Kitzmiller Co. v. Fox, 264 U. S. 426, 432, 44 S. Ct. 396, 68 L. Ed. 770. Cases of jurisdiction supported by actual possession are where the property is or was in the physical custody of an officer of the bankruptcy court. White v. Schloerb, 178 U. S. 542, 20 S. Ct. 1007, 44 L. Ed. 1183; Whitney v. Wenman, 198 U. S. 539, 25 S. Ct. 778, 49 L. Ed. 1157; Murphy v. Hofman Co., 211 U. S. 562, 29 S. Ct. 154, 53 L. Ed. 327. Then there were the cases of constructive possession, where the property at petition filed was in possession of the bankrupt, his agent, bailee, or other person holding for him, or was in possession of one whose claim, though asserted as adverse, is found on inquiry to be no more than colorably so. Mueller v. Nugent, 184 U. S. 1, 22 S. Ct. 269, 46 L. Ed. 405; Babbitt v. Dutcher, 216 U. S. 102, 30 S. Ct. 372, 54 L. Ed. 402, 17 Ann. Cas. 969; Hebert v. Crawford, 228 U. S. 204, 205, 33 S. Ct. 484, 57 L. Ed. 800; Board of Trade v. Johnson, 264 U. S. 1, 44 S. Ct. 232, 68 L. Ed. 533; May v. Henderson, 268 U. S. 111, 45 S. Ct. 456, 69 L. Ed. 870.

■ It is also the established rule that jurisdiction once attaching is not lost by the fact that later on possession of the property passes to strangers without order of the court and while the bankruptcy proceeding is still active. It is immaterial whether the change of possession has come about through voluntary transfer by the bankrupt or his agents, seizure by officers of state courts, or unauthorized surrender by officers of the bankruptcy court; the jurisdiction continues and the court has summary power to order a return of the property. The filing of the bankruptcy petition has the effect of an attachment and injunction, and the property is in custodia legis. Whitney v. Wenman, supra; Acme Harvester Co. v. Beekman Lumber Co., 222 U. S. 300, 32 S. Ct. 96, 56 L. Ed. 208; Hebert v. Crawford, supra; May v. Henderson, supra. See, also, Lazarus v. Prentice, 234 U. S. 263, 266, 34 S. Ct. 851, 58 L. Ed. 1305; Gross v. Irving Trust Co., 289 U. S. 342, 344, 53 S. Ct. 605, 77 L. Ed. 1243. The jurisdiction does not depend on title. Where property once in the custody of the bankruptcy court is removed,

return of the property may be summarily ordered without a trial of title; that issue may be tried later when and if the alleged owner seeks to reclaim. White v. Schloerb, supra; In re Rose Shoe Mfg. Co. (C. C. A.) 168 F. 39; In re Smith (D. C.) 18 F. (2d) 797; Gamble v. Daniel (C. C. A.) 39 F. (2d) 447, 454.

The trustee in this case had the burden of proving the facts supporting the jurisdiction of the court [Buss v. Long Island Storage Warehouse Co. (C. C. A.) 64 F. (2d) 338, 340], and has failed to sustain the burden. Neither the receiver nor the trustee ever had possession of the funds in question. So the trustee must resort to the rule of constructive possession. But it failed to show that any of the funds which were in the bankrupt's possession on May 16, just before deposit of them in the bank, had been in the bankrupt's possession nine days earlier at petition filed or represented the proceeds of any property in the bankrupt's possession at petition filed. There was a total failure of proof that these funds had ever formed part of the bankrupt estate. On the contrary, the uncontradicted evidence was that the greater part of the funds had not been in the bankrupt's possession at petition filed and formed no part of the bankrupt estate. The $5,000 borrowed by the bankrupt after petition filed and the $896.-29 received as compensation for services performed after petition filed were the bankrupt's new estate, and neither the trustee nor the creditors represented by the trustee had the faintest interest in these moneys. Everett v. Judson, 228 U. S. 474, 33 S. Ct. 568, 57 L. Ed. 927, 46 L. R. A. (N. S.) 154; In re Morris & Rice (D. C.) 258 F. 712; Remington on Bankruptcy, § 1400. The referee's dismissal of the petition as to these sums was correct. He should have dismissed also as to the remainder of the sum demanded. As to this part of the property involved there is no proof where it came from. The trustee presented no evidence tending to show that this portion of the fund was in the bankrupt's possession at the filing of the petition or came from property then in his possession or was in any sense a part of the bankrupt estate. The trustee failed to show either title or right to possession. There was therefore nothing to indicate that the case was one falling within the summary jurisdiction of the court. See Cohen v. Bacharach, 229 F. 385, 387, where the Circuit Court of Appeals of this Circuit said:

"The proofs leave a further doubt, viz. whether all the payments to Bacharach did come out of the proceeds of sale of the Franklin street leasehold. The bankrupts could properly pay him money which they earned after petition filed, or got from relatives or friends."

The trustee relies on a line of cases to the effect that where a bankrupt has deposited money in a bank after filing of petition against him and the bank has applied such deposits against a debt owed to it by the bankrupt, summary proceedings are appropriate to compel the bank to turn over to the trustee the funds deposited. In re Kane (D. C.) 131 F. 386; In re Michaelis & Lindeman (D. C.) 196 F. 718; Reed v. Barnett Nat. Bank (C. C. A.) 250 F. 983; In re Walker Grain Co. (C. C. A.) 295 F. 120; In re Times Square Auto Supply Co. (C. C. A.) 47 F. (2d) 210, 212; Guaranty Trust Co. v. Daniel (C. C. A.) 49 F. (2d) 866. The resemblance of those cases to this is only superficial. If we assume with the trustee that the use of the deposits for payment of a debt to the bank, rather than as here merely permitting the bankrupt to withdraw the money, is not a distinguishing feature, the funds which were deposited in the bank in those cases were shown (or were assumed) to have been moneys that formed part of the bankrupt estate for purposes of administration, that is to say, moneys in the bankrupt's possession at petition filed or the equivalent in a changed form of property in his possession at petition filed. The rule governing those cases is well stated in the Times Square Auto Supply Co. Case, that "when a creditor secures payment of his debt from the bankrupt's estate after the filing of the petition, repayment of the money may be summarily ordered." Such cases are similar in principle to May v. Henderson, supra. Here there was no proof and no permissible inference that any of the money received by the bank was from the bankrupt estate. See, also, Knapp & Spencer v. Drew (C. C. A.) 160 F. 413; In re Denson (D. C.) 195 F. 854; In re Leigh (D. C.) 208 F. 486; In re R. & W. Skirt Co. (C. C. A.) 222 F. 256; Gunther v. Home Ins. Co. (D. C.) 276 F. 575; In re Columbia Shoe Co. (C. C. A.) 289 F. 465.

Cases where a bank after petition filed against a customer allows him to withdraw funds that stood to his credit at the time of the filing of the petition raise different questions altogether. Notice may be an important factor. In re Zotti (C. C. A.) 186 F. 84, Ann. Cas. 1914A, 240; see, also, Citizens' Union Nat. Bank v. Johnson (C. C. A.)

286 F. 527, 31 A. L. R. 255. In such cases the bank account is clearly property of the bankrupt estate and in the bankrupt's possession, an element that is not supplied by the trustee here.

As I·am of opinion that the trustee's failure to prove jurisdiction over the property in question requires a dismissal of the summary proceeding, it is unnecessary to consider·which party had the burden of showing what had become of the money after it was withdrawn by the bankrupt. The order of the referee will be reversed and the summary proceeding dismissed, without prejudice to the rights of the trustee in the plenary suit that is pending in the state court.