## In re SCRANTON KNITTING MILLS, Inc.

### No. 8882.

District Court, M. D. Pennsylvania.

July 1, 1938.

Stark, Bissell & Reifsnyder, of Scranton, Pa., for trustee.

O'Malley, Hill, Harris & Harris, and Gunster, Mackie & Murphy, all of Scranton, Pa., for respondent.

WATSON, District Judge.

This matter is before the Court on petitions for review of an order of the Referee. The Third National Bank & Trust Company of Scranton, Penna. (hereinafter referred to as the "Bank"), has petitioned for review of the order requiring it to turn over to the Trustee of the Bankrupt the sum of $6,004.22. The Trustee has petitioned for review of that part of the Referee's order where the Referee refuses to require the Bank to turn over to the Trustee the sum of $9,111.25 in addition to the said sum of $6,004.22.

An involuntary petition in bankruptcy was filed against the Bankrupt on November 5, 1934, naming the Bankrupt as "Scranton Knitting Mills". On December 22, 1934, the Court made an order permitting the name to be amended to "Scranton Knitting Mills, Inc." On the same day, an order of adjudication was entered.

At the time of the filing of the involuntary petition in bankruptcy against the "Scranton Knitting Mills," (November 5, 1934), the Bank had on deposit to the credit of the Scranton Knitting Mills, Inc., the sum of $368.90. After the petition was filed, and from November 5, 1934, to November 26, 1934, there was deposited to the credit of the Bankrupt in the Bank the total sum of $14,959.29, bringing the total deposits to $15,328.19 as of the date of adjudication. These deposits were made on various dates during the period mentioned and checks were drawn on the account and paid by the Bank. On November 26, 1934, the balance in the account was $138.27. Of the checks drawn on the account three were in favor of the Bank itself and were drawn as follows: On November 5, 1934, a check in the amount of $307.50 was accepted by the Bank in reduction of a debt owed by the Bankrupt to the Bank in the sum of $6,000; on November 9, 1934, a check in the amount of $3,500 was accepted by the Bank in reduction of the same debt; and on November 10, 1934, a check in the sum of $2,196.72 was accepted by the Bank as final payment and in full satisfaction of the debt. The record does not show to whom the other checks in the total sum of $9,111.25 were drawn or to whom paid by the Bank.

In a previous opinion involving the same matter, In re Scranton Knitting Mills, Inc., 21 F.Supp. 227, this Court decided that a court of Bankruptcy has summary jurisdiction to order the return of property belonging to a bankrupt estate which had come into the actual or constructive possession of the court. The first questions arising in any case involving the exercise of such summary jurisdiction is, whether the property involved belongs to the bankrupt estate and whether it has been in the actual or constructive possession of the court.

The Bankruptcy Act Section 70, 11 U.S.C.A. § 110, provides that: "The trustee of the estate of a bankrupt * * * shall * ' * * be vested by operation of law with the title of the bankrupt, as of the date he was adjudged a bankrupt, * * * to all * * * (5) property which prior to the filing of the petition he could by any means have transferred or which might have been levied upon and sold under judicial process against him." Thus the property to which the trustee is permitted to assert title is limited to property of the bankrupt owned at the time the petition in bankruptcy was filed. Property acquired after the filing of the petition but before adjudication is after-acquired prop-

erty and does not vest in the trustee. 4 Remington on Bankruptcy, sec. 1400. Of course, money or other property which is the proceeds of property owned by the bankrupt at the time the petition was filed is not after-acquired and vests in the trustee. Id., sec. 1401.

In the case at bar, the record is silent as to the source from which the money deposited in the account of the Bankrupt in the respondent Bank after the filing of the petition was derived. The Referee has not made and could not make any finding as to such fact. There is no evidence in the record showing that the money was or was not property or the proceeds of property owned by the Bankrupt at the time the petition was filed. Although the Referee has not said so, his decision is based on the presumption that money deposited in a bankrupt's bank account between the filing of a petition and adjudication is property or the proceeds of property owned by the bankrupt at the time the petition was filed. I find no authority for any such presumption. It is possible that persons interested in saving the corporation from bankruptcy or persons secondarily liable on the obligations paid out of the account might have made the deposits out of their own funds. In the present case, I can see no reason why those persons who know where the money came from cannot be called upon to testify or why the books of the Bankrupt should not be examined and the source of the money deposited be definitely determined. Facts developed from such inquiry should form the basis for a finding of fact.

As was said in Re Retail Stores Delivery Corporation, D.C., 5 F.Supp. 892, 894, a case similar to this, "The trustee in this case had the burden of proving the facts supporting the jurisdiction of the court (Buss v. Long Island Storage Warehouse Co. (C.C.A.) 64 F.2d 338, 340), and has failed to sustain the burden. Neither the trustee nor the receiver ever had possession of the funds in question. So the trustee must resort to the rule of constructive possession. But it failed to show that any of the funds which were in the bankrupt's possession on May 16, just before deposit of them in the bank, had been in the bankrupt's possession nine days earlier at petition filed or represented the proceeds of any property in the bankrupt's possession at petition filed. There was a

total failure of proof that these funds had ever formed part of the bankrupt estate. * * * The trustee failed to show either title or right to possession. There was therefore nothing to indicate that the case was one falling within the summary jurisdiction of the court."

Concluding, as I do, that the burden is on the Trustee to show that the moneys involved were the property or the proceeds of property belonging to the Bankrupt estate, and that he has not sustained that burden, the order of the Referee cannot now be sustained. In Re Retail Stores Delivery Corporation, supra. The Court evidently felt that the Trustee should be given an opportunity to show the jurisdiction of the Court over the funds on deposit, and referred the matter back to the Referee to take further testimony and report as to the sources of the funds on deposit. In re Retail Stores Delivery Corporation, D.C., 11 F.Supp. 658. The same procedure should be followed in this case.

This matter is referred back to the Referee to take further testimony and report as to the source of the funds deposited in the Bank to the credit of the Bankrupt after the bankruptcy petition was filed.