**In re REIBER'S INN OF WESTCHES-TER, INC., Bankrupt.**

**Robert B. SCHINDLER, as Trustee in Bankruptcy of Reiber's Inn of Westchester, Inc., Plaintiff,**

v.

**INDUSTRIAL COMMISSIONER OF the NEW YORK STATE DEPARTMENT OF LABOR, UNEMPLOYMENT INSURANCE DIVISION and National Bank of North America, Defendants.**

**No. 80 Civ. 0066.**

United States District Court, S. D. New York.

March 12, 1980.

---

Robert B. Schindler, New York City, as Trustee in Bankruptcy, for plaintiff.

Robert Abrams, Atty. Gen. of the State of New York, New York City, for defendants; Anthony R. Warnick, of counsel.

STEWART, District Judge:

This is an appeal from a decision of the Bankruptcy Court, Schwartzberg, J., which held that it has summary jurisdiction to direct the Department of Labor to turn over the funds which it seized after the filing of the bankruptcy petition, and ordered the Industrial Commissioner of the State of New York to turn over the sum of $8,368.44 to the trustee in bankruptcy. The facts were not disputed. On August 7, August 22 and December 11, 1978, warrants for unpaid unemployment contributions were docketed by the Department of Labor against the bankrupt in the Office of the County Clerk of Westchester County, New York in the amount of $10,709.64. On January 4, 1979, an involuntary petition in bankruptcy was filed in the bankruptcy court against the bankrupt. On February 15, 1979, the defendant Department of Labor, served a tax levy in the sum of $11,-323.31 on the National Bank of North America, which maintained accounts of the bankrupt totalling $8,368.44. On March 3, 1979 the Bank of North America turned over to the Department of Labor the funds in the bankrupt's accounts in response to the levy. On April 6, 1979, the bankrupt was adjudicated, the trustee was subsequently appointed and filed this action.

The trustee maintained before the Bankruptcy Court that the proceeds in the bankrupt's account constitute property of the estate, and should be turned over to the trustee. The Department of Labor responded that:

(1) the Eleventh Amendment is an absolute bar to an action against the state for moneys allegedly owed;

(2) the filing of the three prepetition warrants gave the Department of Labor a perfected priority against the trustee in bankruptcy; and

(3) the Department of Labor may set off its prepetition tax claim against the post petition tax seizure, and sought summary judgment dismissing the trustee's turnover action.

The Bankruptcy Judge found that sovereign immunity did not apply in a turnover proceeding where the trustee is attempting to recover funds in the constructive possession of the bankrupt at the time of the filing of the petition. The judge also found that the Department of Labor had not perfected a lien on the bank accounts at the

time of the filing, and that the Department of Labor could not set off its prepetition tax claim because of the absence of mutuality. For the reasons set forth substantially in the decision of the Bankruptcy Judge and elaborated on below, we affirm the decision granting the trustee's motion for summary judgment and denying the Department of Labor's cross-motion for summary judgment.

■ The bankruptcy court properly held that the Eleventh Amendment does not bar a turnover proceeding by the trustee to enforce the provisions of the Bankruptcy Act with respect to property allegedly held in *custodia legis.* The instant case does not involve a claim to funds pursuant to an affirmative judgment against the state and payable out of the public treasury, but rather the return of property in the constructive possession of the bankrupt at the time the petition was filed and improperly seized by a third party. It is appropriate to characterize the money in question as a res, as did the Supreme Court in *Gardner v. New Jersey,* 329 U.S. 565, 67 S.Ct. 467, 91 L.Ed. 504 (1946) rather than as a claim. The Bankruptcy Judge properly noted that the Commissioner's position:

> . . . elides the point that the trustee in bankruptcy does not seek to recover taxes or prepetition funds wrongfully withheld by the State; but rather to enforce the provisions of the Bankruptcy Act with respect to property allegedly in *custodia legis.* The Bankruptcy Act was adopted pursuant to the Congressional mandate under Article I, § 8, clause 4 of the United States Constitution "to establish . . . uniform laws on the subject of bankruptcies throughout the United States." If the bank accounts were in *custodia legis,* the Bankruptcy Court would unquestionably have exclusive summary jurisdiction to require any entity that removed such property after the commencement of the case to turn over the improperly seized property (citations omitted).

Decision of Bankruptcy Judge, page 4, November 19, 1979. As the Court stated in *Matter of Retail Stores Delivery Corp.,* 5 F.Supp. 892 (S.D.N.Y.1933):

> It is . . . the established rule that jurisdiction once attaching is not lost by the fact that later on possession of the property passes to strangers without order of the court and while the bankruptcy proceeding is still [alive]. It is immaterial whether the change of possession has come about through voluntary transfer by the bankrupt or his agents, seizure by officers of state courts, or unauthorized surrender by officers of the bankruptcy court; the jurisdiction continues and the court has summary power to order as return of the property. The filing of the bankruptcy petition has the effect of an attachment and injunction and the property is in *custodia legis.*

*Id.* at 893.

■ If the Department of Labor were able to show that, at the time the bankruptcy petitions were filed, it was an adverse claimant with a perfected lien on the property, then the trustee would have no basis for invoking the Bankruptcy Court's summary jurisdiction. We must proceed, then, to the issue of whether such a perfected lien existed at the time of the filing of the bankruptcy petition. We have conducted a de novo review of the papers submitted to the Bankruptcy Court and on appeal, and we find for the reasons enumerated in the decision by the Bankruptcy Judge that § 573 of the New York Labor Law and § 5202 of the New York Civil Practice Law and Rules expressly fail to create a perfected lien, and that the Department of Labor was therefore not in possession of the funds at the time the bankruptcy petition was filed.

■ Finally, we affirm the holding of the Bankruptcy Judge that the Commissioner may not set off a debt that the bankrupt estate owes against the trustee's recovery in the turnover proceedings, because of the failure to satisfy the requirement of mutuality of debts set forth in § 68 of the Bankruptcy Act. As the Bankruptcy Court states: "it is settled law that the debt owed by a bankrupt cannot be set off

by the creditor against the trustee's claim for money held by the creditor as property of the estate" (citations omitted).

Accordingly, the decision of the Bankruptcy Judge is affirmed.

So ordered.