In the Matter of CITIZENS LOAN
AND SAVINGS COMPANY,
Bankrupt.

Hamilton T. MURPHY, et al.,
Appellants,

v.

George V. AYLWARD, Appellee.

Bankruptcy No. 77–60215–B–SJ.
No. 80–6017–CV–SJ–6.

United States District Court,
W.D. Missouri,
St. Joseph Division.

Feb. 27, 1981.

Daniel J. Flanigan, Linde, Thomson, Fair-
child, Langworthy & Kohn, Kansas City,
Mo., for appellants.

Jennifer A. Gile, James W. McManus,
Shughart, Thomson & Kilroy, P.C., Kansas
City, Mo., for appellee.

## MEMORANDUM AND ORDER

SACHS, District Judge.

Appellant Paula L. Murphy appeals from
an order of the bankruptcy court directing
her[1] to turn over to the Trustee (appellee)
the sum of $17,690, which is the amount
paid to appellant by Richard H. Snooks, the
director, president, and sole shareholder of
Citizens Loan and Savings Company, the
bankrupt.

In brief, the uncontroverted facts are as
follows: appellant is the aunt of Richard H.
Snooks. In 1970 he borrowed $25,000 from
her and her late husband. In 1975, with
$19,000 of the original loan still outstand-
ing, he borrowed an additional $26,000
from them and executed a promissory note
in the amount of $45,000. In June 1977 he
approached the Murphys with the sugges-
tion that they enter into a security agree-
ment by which Murphys received two stock
certificates titled to Snooks and represent-
ing 35,000 shares of stock in Agri-Lessors,
Ltd. The stated consideration for the col-
lateral was the option of extending the
time for the payment of the principal of the
$45,000 loan.

In August 1977 Citizens Loan and Sav-
ings Company filed its petition under Chap-
ter XI of the Bankruptcy Act. On January
20, 1978, the bankruptcy court entered its
order directing Richard H. Snooks to turn
over to the trustee the sum of $250,366.27.
Mr. Snooks appealed from the order, but in

---

1. On April 7, 1980, counsel for Hamilton T.
Murphy filed the suggestion of his death for the
record. In order to preserve his claim against
Mr. Murphy, appellee applied to the Court for
substitution of the executor as an appellant.
Because the Court has never been advised of the
identity of the proposed substitute, appellee's
motion has not previously been ruled. In view
of the disposition of this appeal, the motion will
be granted allowing substitution of the un-
named executor.

late January 1979 a stipulated consent judgment resolving the appeal was entered by the district court. The entry of judgment against Snooks is in the amount of $184,491.69.

In December 1978 he engaged in a transaction which is somewhat unclear in nature in which he received $36,000, and he was to surrender to Agri-Lessors the shares of Agri-Lessors, Ltd. which appellant held (neither party contends that appellant did not have possession of the stock certificates at the time of the transaction and the time of the trial.) The Murphys were not aware of the transaction and were not aware of the source of the money when Snooks made a $17,690 payment to them in April 1979.

■ Throughout the proceeding the appellant objected to the summary jurisdiction of the bankruptcy court. "Bankruptcy courts have summary jurisdiction to adjudicate controversies relating to property over which they have actual or constructive possession. And the test of this jurisdiction is not title in but possession by the bankrupt at the time of the filing of the petition in bankruptcy." *Thompson v. Magnolia Co.*, 309 U.S. 478, 481, 60 S.Ct. 628, 630, 84 L.Ed. 876 (1940).

The $17,690 at issue in this case is in the actual possession of the appellant. Citing the following definition, however, the bankruptcy court claims constructive possession of the property, and this Court agrees: "Constructive possession occurs where the property ... is held by some other person who makes no claim to it, or ... is held by one who makes a claim which is not substantial and is colorable only." 2 Collier on Bankruptcy ¶ 23.05(3), pp. 480–83 (1976).

■ Appellant argues that she has a substantial adverse claim to the $17,690 so as to divest the bankruptcy court of constructive possession of the property. Appellant's argument fails, however, to take into account that possession obtained subsequent to bankruptcy is not "sufficient to clothe [appellant] with the status of an adverse substantial claimant." *South Falls Corp. v. Rochelle*, 329 F.2d 611, 617 (5th Cir.1964). In the absence of an adverse claim by the third person who holds possession of the bankrupt's property, the bankruptcy court has constructive possession of the property, and the exercise of summary jurisdiction is proper.

The question remains whether the $17,690 is the bankrupt's property. Appellant contends that it is not and that the only means by which all of the property of Snooks could be subject to the summary jurisdiction is to find that Snooks was the "alter ego" of the bankrupt corporation. Such a finding is unnecessary in light of the January 1979 district court order against Snooks.

Snooks came under a duty to turn money over to the trustee, "according to his ability to pay," with the entry of the district court order. See *Matter of Citizens Loan and Savings Co.*, 5 B.R. 510, 512 n. 11 (W.D. Mo.1979). "Even those monies which Richard H. Snooks could claim in his own right were subject to the turnover order ..." *Id.* at 513, n. 14 (citing *South Falls Corp. v. Rochelle*, supra at 619).[2]

"The filing of the bankruptcy petition has the effect of an attachment and injunction, and the property is *in custodia legis.*" *In re Retail Stores Delivery Corp.*, 5 F.Supp. 892, 893 (S.D.N.Y.1933) (citations omitted). The order of January 1979 is the analogue for purposes of this action of the filing of the petition of the bankrupt; it has the effect of an attachment of the property of the bankrupt's officer. The $17,690 was in the possession of the bankrupt's officer

---

**2.** While it may be giving somewhat extravagant construction and effect to the district court's order to call it a "turnover order," and to treat the property of Snooks as thereafter constructively in the possession of the bankruptcy court, this Court concurs with the bankruptcy court that the stipulated consented judgment which resolved the appeal from the turnover order effectively placed Snooks under a legal obligation to restore to the bankrupt's estate the amount of $184,491.69. It is not the "ordinary, plenary judgment for a debt."

at the time of the order, and he subsequently transferred it to appellant.[3]

Accordingly, it is hereby ORDERED that the bankruptcy court's order to turn over the sum of $17,690 is affirmed. It is further ORDERED that the motion of appellee for substitution of the unnamed executor of the estate of Hamilton T. Murphy as an appellant herein is granted.

3. The transfer of property here litigated in the transfer of money in April 1979; it is not the transfer of stock certificates in June 1977. If the money constituted proceeds from the loan collateral, the Murphys did not know it. They held the stock certificates at the time of the transaction, and they testified that they were unaware of the source of the money. The stock may ultimately be a source of satisfaction of the loan, and the right to the stock may be subject to plenary action.