**In the Matter of Harmon T. SMITH, Jr., Trustee, James C. Schurer, Jr., Debtor, Plaintiffs,**

v.

**NORTH GEORGIA PRODUCTION CREDIT ASSOCIATION, Defendant.**

**Bankruptcy No. B77–30G.**

United States Bankruptcy Court, N. D. Georgia.

Dec. 8, 1981.

Harmon Smith, Gainsville, Ga., for plaintiffs.

William M. House, Telford, Stewart & Stewart, Gainsville, Ga., for defendant.

## OPINION

WILLIAM L. NORTON, Jr., Bankruptcy Judge.

This case is before the court on the Trustee's motion for summary judgment in which he alleges a violation of the automatic stay of Bankruptcy Rule 601.

## FINDING OF FACTS

On March 30, 1977, the Debtor, James Schurer, Jr. (hereinafter "Schurer") filed a voluntary petition for bankruptcy under the Bankruptcy Act of 1898. Schurer listed as an asset real property located in Banks County, Georgia (hereinafter the "Proper-

ty"). The Property was subject to a deed to secure debt to the Defendant, North Georgia Production Credit Association (hereinafter "North Georgia"). The debt secured by the Property was approximately $33,000.00. Harmon T. Smith, the Trustee in Bankruptcy and the plaintiff in this action (hereinafter the "Trustee") applied to this court to abandon the Property and to allow North Georgia to proceed with foreclosure of the Property. An order of this court dated May 13, 1977, allowed the abandonment of and the foreclosure of the Property. This order provided:

It is further PROVIDED that the Court shall retain jurisdiction over the property and all proceeds, and any secured creditor proceeding pursuant to its power of sale or proceeding by a private sale or by loan assumption sale shall by written report advise the Court and the Trustee of the disposition of the property and account for all amounts received pursuant to said disposition, and pay over to the Trustee any balance recovered over and above its claim for principal, interest and cost;

The Property was subsequently sold at public auction on the first Tuesday in July, 1977. On August 31, 1977, this court entered an order confirming the sale of the Property and terminating the court's jurisdiction as it related to the Property.

Furman A. Henson (hereinafter "Henson") purchased the Property at the public sale for $26,123.95 in excess of the secured indebtedness. The excess was paid to the Trustee for the benefit of unsecured creditors. $22,003.45 was paid in cash and Henson gave the Trustee a note for $4,129.50 secured by a second deed to secure debt on the Property. The first deed to secure debt was given by Henson to North Georgia. This court in an order dated August 31, 1977 ordered "that the sale of the [P]roperty . . . is confirmed and that this court's jurisdiction as it relates to the [P]roperty is hereby terminated."

Thereafter, Henson defaulted on the note to North Georgia. North Georgia, without

seeking relief from the stay against lien enforcement, foreclosed the Property and purchased the Property at the public sale in June, 1978. On May 7, 1980, the Trustee filed an adversary action in this court to have the foreclosure set aside.

The question presented in this case is whether the stay which was in effect as to the proceeds of the sale of the Property, the note and second in priority security deed preclude North Georgia from foreclosing the first security deed against the Property?

## DISCUSSION

The Trustee contends that the bankruptcy estate has a property interest in the note and deed to secured debt given by Furman A. Henson, and that this interest of the estate was wrongly extinguished by the June 1978 foreclosure on the Property instituted by North Georgia. The Trustee argues that the provisions of the stay of Bankruptcy Rule 601 prohibit North Georgia from taking any action to extinguish Trustee's (estate's) property right in the note and deed to secure debt. The Trustee contends that because North Georgia brought no adversary proceeding in this court to obtain relief from the Bankruptcy Rule 601 stay, the stay was in effect at the time of foreclosure. The Trustee asserts that the note and deed to secure debt constitute personal property of the estate, as opposed to real property, and were not affected by the abandonment order which this court issued with regard to the real estate.

North Georgia maintains that the abandonment order issued by this court terminated all of the Trustee's rights in the property. North Georgia argues that the note and security deed are property which was not in the custody of the Bankruptcy Court at the time of the filing of the petition and that the lien (the first security deed) North Georgia enforced was a lien not in existence at the time of filing. North Georgia finally contends that even if Rule 601 applies, the stay pursuant to Rule 601(b) was terminated and the property was abandoned.

Rule 601 is as follows:

## PETITION AS AUTOMATIC STAY AGAINST LIEN ENFORCEMENT

(a) *Stay Against Lien Enforcement.* The filing of a petition shall operate as a stay of any act or the commencement or continuation of any court proceeding to enforce (1) a lien against property in the custody of the bankruptcy court, or (2) a lien against the property of the bankrupt obtained within 4 months before bankruptcy by attachment judgment, levy, or other legal or equitable process or proceedings.

(b) *Duration of Stay.* Except as it may be terminated, annulled, or modified by the bankruptcy court under subdivision (c), (d), or (e) of this rule, the stay shall continue until the bankruptcy case is dismissed or closed, or until the property subject to the lien is, with the approval of the court, set apart as exempt, abandoned, or transferred.

(c) *Relief from Stay.* On the filing of a complaint seeking relief from a stay provided by this rule, the bankruptcy court shall, subject to the provisions of subdivision (d) of this rule, set the trial for the earliest possible date, and it shall take precedence over all matters except older matters of the same character. The court may, for cause shown, terminate, annul, modify, or condition such stay. A party seeking continuation of a stay against lien enforcement shall show that he is entitled thereto.

. . . . .

The Trustee argues that the provisions for terminating the stay were not invoked by North Georgia, and thus, the stay was in effect at the time of the foreclosure. The Trustee, in arguing that his property interest has not been terminated, relies on *In re Westec Corporation*, 460 F.2d 1139 (5th Cir. 1972), which held in part that a first and second mortgage held by a trustee at the time of the foreclosure were property interests and could not be terminated without seeking judicial relief from the stay. In *Westec* the court disallowed a foreclosure which divested a trustee of his interest in property.

At the time of filing *Westec* held a second mortgage and subsequent to the filing acquired the first mortgage interest. A drainage district public corporation sought to foreclose its tax liens on real property in state court. The state court entered a final judgment for $18.84 and, when the payment was not made within fifteen days, ordered a special master to sell the property at public sale. On February 19, 1969, the property was sold for $20.00 subject to the one year redemption period. On March 12, 1970, the state court confirmed the sale and a certificate of title was issued to the purchaser.

The District Court held that the Trustee held a valid mortgage interest in the real property. The Fifth Circuit Court of Appeals found as follows:

> "... [T]his court is disposed to characterize as unconscionable any holding which would have the effect of denying to the debtor a piece of property in which it had a property interest of nearly a quarter of a million dollars in order to recognize the validity of a tax foreclosure by a water district for the amount of $20.00. The reorganization court being a court of equity, it cannot sanction such a result as this, particularly in view of the fact that a title examination clearly would have shown a duly recorded bona fide first and second mortgage." 460 F.2d at 1143, 1144.

North Georgia convincingly argues that *Westec* is distinguishable from this case. *Westec* involved a property interest that was part of the estate at the time the case was filed. Additionally, in this case a first mortgage was foreclosed which cut off the second mortgage holder, the Trustee. In *Westec*, a lien third in position to the first and second mortgages held by the trustee was foreclosed.

Finally, the Trustee argues that since the note from Henson to the Trustee is proceeds derived from the sale of the Property which was property of the estate at the time of filing, the stay would continue in effect. *In re Scranton Knitting Mills*, 23 F.Supp. 803, (M.D.Pa.1938).

This court's order of May 13, 1977, as quoted above, retained jurisdiction of the proceeds. The August 31, 1977, order confirmed the sale of the Property and terminated the Court's jurisdiction as it related to the Property. This order did not terminate the court's jurisdiction of the proceeds of the sale of the Property, the note and security deed.

The Trustee's argument although correct misses the mark. North Georgia does not dispute that the proceeds of the sale are under the jurisdiction of the court. However, the court by its order of August 31, 1977 terminated its jurisdiction as to the Property. The lien which North Georgia enforced in its foreclosure, was against the Property not against the proceeds of the sale of the Property which were in the jurisdiction of the court. Admittedly, the enforcement of North Georgia's lien affected the estate's interest. It was not, however, an enforcement of "[a] lien against property in the custody of the Bankruptcy Court. The fact that a lien second in priority is property of a bankrupt's estate does not affect a first lien holder's right to foreclose his interest.

In deciding whether to grant a motion for summary judgment, Rule 56 of the Federal Rules of Civil Procedure provides that a summary judgment may not be granted if there is any genuine issue as to any material fact. In this regard, the facts must be considered in a light most favorable to the party opposing the motion. In this case there is no real question as to any material fact. The question here is the legal effect of a given rule of law. Accordingly, it is the determination of this court that the trustee's motion for summary judgment is DENIED for the above-stated reasons.

Pursuant to Rule 921(b) a separate order consistent with this opinion will be filed.

IT IS SO ORDERED.